UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DARLENE P. BENDER,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

CV 15-3414 AGR

MEMORANDUM OPINION AND ORDER

Plaintiff Bender filed this action on May 6, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 14, 15.) On July 18, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

## I.

## PROCEDURAL BACKGROUND

Bender filed an application for disability insurance benefits on August 1, 2012, and an application for supplemental security income benefits on January 17, 2012. In both applications, Bender alleged an onset date of February 1, 2005. Administrative Record ("AR") 15. The applications were denied. AR 15, 124, 135. Bender requested a hearing before an Administrative Law Judge ("ALJ"). On August 27, 2013, the ALJ conducted a hearing at which Bender and a vocational expert testified. AR 60-85. A supplemental hearing was held on April 9, 2014, at which two medical experts and a vocational expert testified. AR 33-59. On May 28, 2014, the ALJ issued a decision denying benefits. AR 12-22. On March 24, 2015, the Appeals Council denied the request for review. AR 1-6. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Bender met the insured status requirements through September 30, 2015. AR 18. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Bender had the severe impairments of discoid lupus and history of healed fracture of the right foot. AR 22.

The ALJ found that Bender had the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently; stand, walk or sit without restrictions; and operate foot controls occasionally with the right foot and without limitation with the left foot. She is precluded from climbing ladders, ropes or scaffolds; working at unprotected heights; and concentrated exposure to extreme heat, extreme cold, extreme vibration or direct sunlight. AR 19. She is capable of performing past relevant work as a demonstrator. AR 21-22.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

**C. Request for Remand**

Bender argues that the court should remand the case based on a subsequent notice of award dated October 24, 2015 that granted benefits as of May 29, 2014. Bender cites *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010).

In *Luna*, the Ninth Circuit held that "[t]he 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Id.* at 1035 (citation omitted). The court distinguished the situation in which "an initial denial and subsequent award were easily reconcilable on the record before the court." *Id.* (citing *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) ("In this case, Bruton's second application involved different medical evidence, a different time period, and a different age classification. For these reasons, the second ALJ's subsequent decision to award benefits as of April 10, 1996, is not inconsistent with the first ALJ's denial of Bruton's initial application."). By contrast, in *Luna*, the court could not conclude "based on the record before us whether the decisions concerning Luna were reconcilable or inconsistent." *Id.* ("she may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change"); *see also Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[w]hen further proceedings are necessary to determine the onset date, it is appropriate to remand for those proceedings").

The court declines to remand based on the subsequent grant of benefits for two reasons. First, Bender submitted to the Appeals Council medical records dated after May 28, 2014 (for the period March 4 through June 4, 2015). The Appeals Council noted that the "new information is about a later time" and concluded it "does not affect the decision about whether you were disabled beginning on or before May 28, 2014." AR 2. The Appeals Council expressly advised that "[i]f you want us to consider whether

you were disabled after May 28, 2014, you need to apply again." *Id.* Under these circumstances, the mere fact that the claimant filed a later application and benefits were awarded does not alone create a reasonable possibility that the new evidence would have changed the outcome of the disability determination on the earlier application. 42 U.S.C. § 405(g); *Bruton*, 268 F.3d at 827. Second, the ALJ's decision dated May 28, 2014 was issued only 1½ months after the hearing on April 9, 2014, at which two medical experts and a vocational expert testified. AR 33. Accordingly, this is not a case in which the ALJ relied on stale testimony such that there could be a reasonable possibility that the disability onset date might reasonably be sometime prior to the ALJ's decision.[2] Bender has not provided any information to the contrary.

**E. Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 798 F.3d 749, 755 (9th Cir. 2015) (citation omitted)**,** *amended* 2015 WL 6684997 (Nov. 3, 2015); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific

---

[2] The ALJ's decision at issue here noted that the RFC assessment was more restrictive as of May 28, 2014 than the RFC assessment in the prior ALJ's decision dated January 19, 2010. AR 21; *compare* AR 19 *with* AR 117. This is consistent with the fact that Bender's residual functional capacity further deteriorated over time.

to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 798 F.3d at 755 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id*. (citation omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13) (quotation marks omitted).[3] The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Bender's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects were "not entirely credible." AR 20. The ALJ relied on three reasons: (1) objective medical evidence did not support the severity of her allegations; (2) her activities of daily living were consistent with a reduced range of light work; and (3) she left her past relevant work to take care of her grandson. AR 20-21.

---

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

The ALJ may properly consider the lack of objective medical evidence supporting the alleged degree of limitations, but it cannot form the sole basis for discounting a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ's finding that the objective medical evidence did not support the alleged severity of Bender's allegations is supported by substantial evidence and Bender does not argue otherwise.

Bender argues that the ALJ's other reasons for discounting her credibility pre-date her broken right foot in 2012. Bender testified that she stopped working in January 2012 to take care of her grandson. AR 21, 67. An ALJ may consider the reason that a claimant stopped working. *See Bruton*, 268 F.3d at 828. Bender argues that her ability to take care of her grandson does not undermine her credibility to the extent that she broke her right foot after he passed away. The record before the ALJ, however, indicates that Bender broke the fifth metatarsal bone in her right foot in May 2012. AR 411, 415. The earliest mention of the unfortunate death of her grandson occurred in August 2012. AR 408. On this record, the court cannot say that the ALJ erred.

The ALJ also found that Bender's activities of daily living were consistent with a reduced range of light work. An ALJ may consider a claimant's daily activities, and inconsistent statements about those activities, when weighing credibility. *Bunnell*, 947 F.2d at 346. The ALJ relied upon Bender's written statement dated March 25, 2012, before she broke her foot in May 2012. AR 21, 256-58. The ALJ noted that afterwards Bender reported quite a bit of difficulty with performing her usual activities in November 2012. AR 20-21, 430-31. The ALJ concluded that the overall record indicated subsequent improvement. AR 21. Physical therapy notes on December 19, 2012 indicate dull, aching pain at 3/10, an improvement from 8/10. AR 425. Notes on February 2013 indicate Bender was able to complete daily activities with moderate complaints of foot pain. AR 429. She indicated that she assists her father, who has Alzheimer's disease, and takes care of her husband who is legally blind in May 2013.

AR 438-39. As the ALJ noted, in September 2013 Bender's gait and balance was observed to be within normal limits with a mild limp on the right. AR 21, 479-80. Although the evidence may be susceptible to more than one rational interpretation after May 2012, "[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959. The court cannot say that the ALJ erred.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 27, 2016

Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge